FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2015 JUL -6 PM 2: 43

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

| | | |
|---|---|---|
| JULIANNE RODRIGUEZ, on behalf of herself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No.: |
| v. | ) ) | 6:15-CN-1088-Orl-28GJ/C |
| CREDIT PROTECTION ASSOCIATION, L.P. | ) ) ) | **Class Action Complaint** |
| Defendant. | ) ) ) | **Jury Trial Demanded** |

## CLASS ACTION COMPLAINT

Julianne Rodriguez ("Plaintiff"), by and through her undersigned counsel, and on behalf of

herself and others similarly situated, sues Credit Protection Association, L.P. ("Defendant"), and

alleges as follows:

### Nature of the Action

1.      This is a class action brought against Defendant for violations of the Telephone

Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692d.

2.      Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated

telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the
> United States if the recipient is within the United States –
>
> (A)      to make any call (other than a call made for emergency purposes or made
> with the prior express consent of the called party) using any automatic telephone
> dialing system or an artificial or prerecorded voice –

*****

1

(iii)    to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

3.      Upon information and belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to the cellular telephones of consumers using an automatic telephone dialing system and/or an artificial or prerecorded voice, without the prior express consent of the consumers.

4.      Upon information and good faith belief, Defendant routinely violates 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of debts, in that it continues to call consumers for the purpose of debt collection even after being informed that it is calling the wrong person.

## JURISDICTION

5.      This Court has subject matter jurisdiction pursuant to 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

6.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where Plaintiff resides in this State and in this District, a substantial part of the events giving rise to Plaintiff's action occurred in this State and in this District, and where Defendant transacts business in this State and in this District.

## PARTIES

7.      Plaintiff is a natural person who at all relevant times resided in Kissimmee, Florida.

8.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9.      Defendant is a debt collection company based in Dallas, Texas.

10.     Defendant touts itself as "a major force in the collections industry since 1977. Founded by a long-time cable executive, the company pioneered the idea of high-volume, low-balance collections, as well as a philosophy of superior customer service and commitment to

excellence. A spirit of commitment and entrepreneurship is evident in its family of service-oriented companies." [1]

11.     Defendant is an entity that at all relevant times was engaged, by use of the telephone, in the business of attempting to collect from Plaintiff a "debt"—in default—as defined by 15 U.S.C. § 1692a(5).

12.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

### Factual Allegations

13.     In an attempt to contact a third party for the purpose of attempting to collect a debt in default, Defendant has placed numerous telephone calls to Plaintiff's cellular telephone number (321) 442-xxxx.

14.     At times, Defendant would call Plaintiff more than five times per day.

15.     Defendant's calls continued through June 2015.

16.     By way of example, Defendant called Plaintiff's cellular telephone on, among other dates and times, May 18, 2015, May 19, 2015, June 1, 2015, June 8, 2015, and June 9, 2015.

17.     Upon information and good faith belief, Defendant's records will show additional calls made by it to Plaintiff's cellular telephone with an automatic telephone dialing system and/or an artificial or prerecorded voice.

18.     Defendant called Plaintiff from different telephone numbers, including (844) 335-5702, (844) 335-5701, (844) 543-6093, and (844) 335-5696.

19.     In conjunction with its phone calls to Plaintiff's cellular telephone, Defendant left voice messages for Plaintiff with a prerecorded or artificial voice.

---

[1]      *See* http://www.creditprotect.com/about/ (last visited on July 1, 2015).

20.     In addition, upon answering several of Defendant's calls to her cellular telephone, Plaintiff was greeted by an automated message system wherein she could press a particular number to denote that Defendant had the wrong number and was calling the wrong person.

21.     As instructed by Defendant's automated message system, Plaintiff pressed the button on her phone to inform Defendant that it was calling the wrong person and to stop calling.

22.     Defendant placed all of the above-referenced calls in an effort to contact and collect a debt from a third party unknown to Plaintiff named "Xavier Rodriguez."

23.     On at least one occasion, Plaintiff spoke to one of Defendant's employees and explained that Defendant had the wrong number and to stop calling.

24.     Despite Plaintiff's demands that the calls cease, and despite informing Defendant that it was calling the wrong person, Defendant's calls continued, unabated.

25.     Upon information and good faith belief, and in light of the prerecorded and/or artificial nature of the voice messages left by Defendant for Plaintiff as well as the frequency and nature of the calls, Defendant placed the above-referenced calls to Plaintiff's cellular telephone using an automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1).

26.     Upon information and good faith belief, Defendant utilizes hardware and software with the capacity to store telephone numbers and to dial such numbers sequentially, predictively, or randomly, and to dial phone numbers without human intervention. Upon information and good faith belief, Defendant used such hardware and software to place the calls at issue to Plaintiff's cellular telephone.

27.     Defendant placed, or caused to be placed, additional calls to Plaintiff's cellular telephone number, which are not specifically outlined herein.

28.     Defendant placed the telephone calls set forth herein to a telephone number assigned to a cellular telephone service, of which Plaintiff is the subscriber.

4

29.     Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone.

30.     Plaintiff never provided her cellular telephone number to Defendant.

31.     Plaintiff has never had any business relationship with Defendant.

32.     Defendant did not place any telephone calls to Plaintiff for emergency purposes.

33.     Upon information and good faith belief, Defendant placed the telephone calls to Plaintiff identified above willfully and knowingly in that it consciously and deliberately made the calls referenced herein, and consciously and deliberately left, and intended to leave, voice messages using an artificial or prerecorded voice.

34.     Upon information and good faith belief, Defendant had knowledge that it was using, and intended to use, an automatic telephone dialing system and/or an artificial or prerecorded voice to place the telephone calls identified above.

35.     In addition, and upon information and good faith belief, Defendant had knowledge that it was using, and intended to use, an automatic telephone dialing system to make, and/or use an artificial or prerecorded voice to place, the telephone calls identified above to Plaintiff.

## Class Action Allegations

36.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of herself and two classes of similarly situated individuals as defined below:

### TCPA Class

> All persons and entities throughout the United States (1) to whom Credit Protection Association, L.P. placed, or caused to be placed, calls (2) directed to a number assigned to a cellular telephone service, by (3) using an automatic telephone dialing system or an artificial or prerecorded voice, (5) in the four years preceding the filing of this complaint, (6) absent prior express consent—in that the called party was not the intended recipient of Credit Protection Association, L.P.'s calls.

5

## FDCPA Class

All persons and entities throughout the United States (1) to whom Credit Protection Association, L.P, placed, or caused to be placed, calls, (2) within one year preceding the date of this complaint, (3) and in connection with the collection of a consumer debt, (4) where the party who Credit Protection Association, L.P called to collect the debt was not, according to Credit Protection Association, L.P.'s records, the party alleged to owe the debt.

Excluded from the classes is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

37.     The proposed classes are so numerous that, upon information and belief, joinder of all members is impracticable.  The exact number of members of the classes is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.  The proposed classes are ascertainable in that, upon information and belief, the cellular telephone numbers of all members of the classes can be identified in business records maintained by Defendant.

38.     Plaintiff's claims are typical of the claims of the members of the classes because Plaintiff and all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant and Plaintiff possesses the same interests and has suffered the same injuries as each class member.  Like all members of the proposed TCPA Class, Plaintiff received telephone calls from Defendant using an automatic telephone dialing system and/or an artificial or prerecorded voice, without her consent, in violation of 47 U.S.C. § 227.  Further, like all members of the proposed FDCPA Class, Plaintiff received telephone calls from Defendant in connection with the collection of a consumer debt that she did not owe.

39.     Plaintiff will fairly and adequately protect the interests of the members of the classes and has retained counsel experienced and competent in class action litigation.  Plaintiff has no interests that are contrary to or in conflict with the members of the classes that she seeks to represent.

40.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the classes may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the classes to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

41.     Issues of law and fact common to the members of the classes predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to each class. Among the issues of law and fact common to the classes are:

   a.  Defendant's violations of the TCPA as alleged herein;

   b.  Defendant's violations of the FDCPA as alleged herein;

   c.  Defendant's use of an automatic telephone dialing system;

   d.  Defendant's use of an artificial or prerecorded voice when leaving messages for consumers on their cellular telephones; and

   e.  the availability of statutory damages.

42.     Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

### Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)

43.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 – 42.

44.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system and/or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number, without her consent.

7

45.     Defendant knowingly or willingly violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system and/or an artificial or pre-recorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number, without her consent.

46.     As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the TCPA Class are entitled to damages in an amount to be proven at trial.

### Count II: Violations of 15 U.S.C. § 1692d and § 1692d(5)

47.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 – 42.

48.     Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

49.     Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's cellular telephone to ring repeatedly or continuously, and by engaging Plaintiff in telephone conversations repeatedly or continuously, with intent to annoy, abuse, or harass Plaintiff at the called number.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(a)     Determining that this action is a proper class action and designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and that Defendant did so knowingly and willingly, and enjoining Defendant from further violations of 47 U.S.C. § 227(b)(1)(A)(iii) with respect to Plaintiff and the other members of the TCPA Class;

(c)     Adjudging that Defendant violated 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5), and enjoining Defendant from further violations of 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5) with respect to Plaintiff and the other members of the FDCPA Class;

(d)    Awarding Plaintiff and members of the TCPA Class statutory damages pursuant to 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

(e)    Awarding Plaintiff and members of the FDCPA Class statutory damages pursuant to 15 U.S.C. § 1692k in the amount of $1,000.00 per class member;

(f)    Awarding Plaintiff and members of the classes their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure; and

(g)    Awarding other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: July 2, 2015                    Respectfully submitted,

/s/ Michael L. Greenwald
Michael L. Greenwald
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
561-826-5477
561-961-5684 (Fax)
mgreenwald@gdrlawfirm.com

Aaron D. Radbil
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
(512) 322-3912
(561) 961-5684 (Fax)
aradbil@gdrlawfirm.com

Counsel for Plaintiff and the proposed classes